```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
        ASHEVILLE DIVISION
          1:22-cv-00150-MR
```

| | |
|---|---|
| DAMON MANDELL MOBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| POLK COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 1], and Plaintiff's Motion for Court Appointed Counsel, [Doc. 5]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

I.   **BACKGROUND**

Pro se Plaintiff Damon Mandell Mobley ("Plaintiff") is a pretrial detainee currently detained at the Polk County Detention Center in Columbus, North Carolina. He filed this action on August 4, 2022, pursuant to 42 U.S.C. § 1983, against the Polk County Sheriff's Department ("Sheriff's Department"); Caleb Edwards, identified as a Detective with the Polk County Police Department, in his individual capacity; and the Polk County District

Attorney's Office ("District Attorney's Office"). [Doc. 1].

Plaintiff alleges as follows. In March 2022, Plaintiff's personal property was returned to him on his release from jail. Two cell phones that Plaintiff possessed at the time of his detention, however, were not returned. One of these phones was his adult daughter's phone and the other his adult son's phone. Neither phone was in Plaintiff's name, but he decided to take them with him when he was being arrested because he "didn't want them to get misplaced or stolen while he was in jail." [Doc. 1 at 5]. On his release, Plaintiff was told that a Detective from Polk County retrieved the phones. Plaintiff was never provided a search warrant for the phones. [Id.].

On June 28, 2022, Plaintiff was charged with "Death by Distribution" related to the death of one of his daughter's friends who died from a fentanyl overdose. [Id. at 5-6]. Plaintiff has never met this friend and has never been around anyone doing fentanyl. Plaintiff's daughter, however, uses fentanyl, has been arrested numerous times on fentanyl paraphernalia charges, and has overdosed twice. [Id. at 6]. Plaintiff is a songwriter and struggling artist and his social media and promotion is handled by various people associated with the record label, as well as his son and daughter. After unlawfully searching the two cell phones, Defendant Edwards focused on Plaintiff as a suspect. [Id. at 7]. The only evidence Defendant Edwards had was a

Facebook message and a Cash App transaction, neither of which was in Plaintiff's name. [Id. at 7]. Since being detained at Polk County Jail, Plaintiff has twice been pepper sprayed for no real reason and has been denied visits, money, religious practice, mental healthcare, and a proper diet. [Id. at 8]. Plaintiff, however, does not allege who pepper sprayed him or who was responsible for these alleged denials.

Based on these events, Plaintiff claims "violation of due process, police misconduct, obstruction of justice, racial profiling, 4th Amendment violation[,] illegal search & seizure, false arrest, false imprisonment[,] abuse of power, [and] abuse of authority." [Id. at 3].

For injuries, Plaintiff claims PTSD, physical injury from being pepper sprayed, denial of medical care, and delays in his initial appearance in his state criminal proceedings. [Id. at 10]. For relief, Plaintiff seeks monetary damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from

3

Case 1:22-cv-00150-MR   Document 8   Filed 09/28/22   Page 3 of 9

a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Defendant Sheriff's Department is not a proper Defendant in this matter because it is not "person" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Also, Plaintiff has failed to make any allegations or state any claim against the Defendant District Attorney's Office. See Connick v. Thompson, 563 U.S. 51, 63-64 (2011) (finding no § 1983 liability for defendant district attorney's office where plaintiff did not allege failure to train leading to the subject Brady violation). As such, these Defendants will be dismissed as Defendants in this matter.

Plaintiff alleges that he was wrongfully arrested and detained based on insufficient evidence found in phones that were illegally taken and searched by Defendant Edwards. To the extent Plaintiff may have a claim related to this conduct, it arises out of events that relate to ongoing state criminal proceedings. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs

Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains detained, and the state court proceeding is ongoing, the Court must abstain from interfering. Should Plaintiff, however, believe that his claims are not barred by Younger, he may amend so his Complaint.

In sum, Defendant Polk County Sheriff's Office will be dismissed as an improper Defendant. Defendant Edwards and Defendant Polk County District Attorney's Office will be dismissed for Plaintiff's failure to state a claim for relief against them. The Court, however, will allow Plaintiff to amend his Complaint to show why his Complaint is not precluded under Younger and otherwise stating a claim upon which relief may be granted, if the facts support such amendment.[1]

## IV. MOTION FOR COURT APPOINTED COUNSEL

Plaintiff also moves for appointment of counsel. [Doc. 5]. In support of this motion, Plaintiff discusses various aspects of his pending state criminal proceedings. He complains that he has not yet appeared before a judge or received a probable cause hearing and that his preliminary hearing was continued to October. Plaintiff also complains that he has received no response to the numerous requests he has sent to the Polk County Superior

---

[1] Should Plaintiff intend to pursue any claims based on his allegations related to the conditions of his confinement at Polk County Jail, Plaintiff would likely need to bring a separate Complaint addressing those claims.

Court Clerk and that a piece of his legal mail containing "very sensitive materials" was intercepted and passed around by jail staff, administration, and officers. [Id. at 1-2]. Plaintiff states that the grievance process at the jail is a "waste of time" and that his grievances go unanswered. [Id. at 2]. Plaintiff states he needs an attorney to obtain the legal documents he needs to prove his innocence. Finally, Plaintiff states he's "requesting court appointed counsel to help [him] with this Civil Suit." [Id. at 3].

To the extent Plaintiff's motion for counsel relates to assistance for his state criminal proceeding, it is denied. This Court has no authority to order counsel in that proceeding. Moreover, the state court will appoint counsel for Plaintiff in any event. To the extent Plaintiff is seeking appointed counsel in the instant civil case, it is also denied. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel in this case. Moreover, Plaintiff's Complaint has not passed initial review. Plaintiff's motion to appoint counsel, therefore, will be denied.

## V.  CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Appointed Counsel [Doc. 5] is **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner Section 1983 form.

**IT IS SO ORDERED**.

Signed: September 28, 2022

Martin Reidinger
Chief United States District Judge

9

Case 1:22-cv-00150-MR   Document 8   Filed 09/28/22   Page 9 of 9