UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00150-MR

DAMON MANDELL MOBLEY,      )
                           )
            Plaintiff,     )
                           )
vs.                        )           ORDER
                           )
                           )
CALEB EDWARDS, et al.,     )
                           )
            Defendants.    )
_____)

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. [Doc. 9].

I. **BACKGROUND**

Pro se Plaintiff Damon Mandell Mobley ("Plaintiff") is a pretrial detainee currently detained at the Polk County Detention Center in Columbus, North Carolina. He filed this action on August 4, 2022, pursuant to 42 U.S.C. § 1983, against the Polk County Sheriff's Department ("Sheriff's Department"); Caleb Edwards, identified as a Detective with the Polk County Police Department, in his individual capacity; and the Polk County District Attorney's Office ("District Attorney's Office"). [Doc. 1].

Plaintiff alleged, in pertinent part, as follows. In March 2022, Plaintiff's personal property was returned to him on his release from jail. Two cell

phones that Plaintiff possessed at the time of his detention, however, were not returned. One of these phones was his adult daughter's phone and the other his adult son's phone. Neither phone was in Plaintiff's name, but he decided to take them with him when he was being arrested because he "didn't want them to get misplaced or stolen while he was in jail." [Doc. 1 at 5]. On his release, Plaintiff was told that a Detective from Polk County retrieved the phones. Plaintiff was never provided a search warrant for the phones. [Id.].

On June 28, 2022, Plaintiff was charged with "Death by Distribution" related to the death of one of his daughter's friends who died from a fentanyl overdose. [Id. at 5-6]. Plaintiff has never met this friend and has never been around anyone doing fentanyl. Plaintiff's daughter, however, uses fentanyl, has been arrested numerous times on fentanyl paraphernalia charges, and has overdosed twice. [Id. at 6]. After unlawfully searching the two cell phones, Defendant Edwards focused on Plaintiff as a suspect. [Id. at 7]. The only evidence Defendant Edwards had was a Facebook message and a Cash App transaction, neither of which was in Plaintiff's name. [Id. at 7].

Based on these events, Plaintiff claimed "violation of due process, police misconduct, obstruction of justice, racial profiling, 4th Amendment violation[,] illegal search & seizure, false arrest, false imprisonment[,] abuse

of power, [and] abuse of authority." [Id. at 3].

On initial review of Plaintiff's Complaint, the Court found the Sheriff's Department was not a proper Defendant and that Plaintiff failed to make any allegations or state any claim against the Defendant District Attorney's Office. The Court also found that, to the extent Plaintiff had any claim against Defendant Edwards, it arises out of events related to ongoing state criminal proceedings and appears subject to the Younger abstention doctrine. [Doc. 8 at 5-6]. The Court allowed Plaintiff to amend his Complaint to show that Younger does not bar his claims and to otherwise properly state a claim upon which relief may be granted. [Id. at 6, 8].

Plaintiff has timely filed an Amended Complaint, [Docs. 9, 9-1], which is now before the Court on initial review. In his Amended Complaint, Plaintiff names Caleb Edwards and the Polk County District Attorney's Office as Defendants. [Doc. 9 at 1-2]. In large part, Plaintiff restates his previous insufficient allegations and now also complains that Defendant District Attorney's Office is denying him a first appearance in his state criminal case and failing to respond to his numerous pro se motions. Plaintiff, however, wholly fails to explain why Younger does not apply to bar his claims. [See Doc. 9 at 4, Doc. 9-1 at 1-2, 9-11].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As previously noted by the Court, [Doc. 8 at 5], the Supreme Court held in Younger v. Harris that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Plaintiff does not address any of these elements or otherwise explain why Younger does not apply. Moreover, Plaintiff may show the same facts he alleges against Defendant Edwards here in the state proceeding in his own defense. Under Younger, therefore, the Court must abstain from interfering with Plaintiff's ongoing state proceeding and must dismiss this action. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint once and has failed to follow direct instructions by the Court. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 9] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: November 9, 2022

Martin Reidinger
Chief United States District Judge